ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
2016 MAY 17 PM 3: 5

DEPUTY CLERK _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:15-CR-432-M |
| | § | |
| PATRICIA TORRES (37) | § | |
| a/k/a Martha | § | |

## PLEA AGREEMENT

Patricia Torres, the defendant, Roger Haynes, the defendant's attorney, and the

United States of America (the government), agree as follows:

1.    **Rights of the Defendant**:  Torres understands that she has the following

rights:

      a.      to plead not guilty;

      b.      to have a trial by jury;

      c.      to have her guilt proven beyond a reasonable doubt;

      d.      to confront and cross-examine witnesses and to call witnesses in her
            defense; and

      e.      to be free against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:  Torres waives these rights and pleads

guilty to the offense alleged in Count One of the Superseding Indictment, charging a

violation of 21 U.S.C. § 846, that is, Conspiracy to Distribute 50 grams or more of

Methamphetamine.  Torres understands the nature and elements of the crime to which she

is pleading guilty, and agrees that the factual resume she has signed is true and will be
submitted as evidence.

3.    **Sentence**:  The minimum and maximum penalties the Court can impose
include:

    a.    imprisonment for a period not less than 5 years, and not to exceed
40 years;

    b.    a fine not to exceed $5,000,000, or twice any pecuniary gain to the
defendant or loss to the victim(s);

    c.    a term of supervised release of at least four years, which is
mandatory under the law and will follow any term of imprisonment.
If Torres violates the conditions of supervised release, she could be
imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under
the law, and which Torres agrees may include restitution arising
from all relevant conduct, not limited to that arising from the offense
of conviction alone;

    f.    costs of incarceration and supervision;

    g.    forfeiture of property; and,

    h.    upon conviction of an offense involving distribution of a controlled
substance, Torres is, in the discretion of the Court, subject to denial
of any or all "federal benefits" as defined in 21 U.S.C. § 862(d), for
a period of up to five years.

4.    **Court's sentencing discretion and role of the Guidelines**:  Torres
understands that the sentence in this case will be imposed by the Court after consideration
of the United States Sentencing Guidelines.  The guidelines are not binding on the Court,
but are advisory only.  Torres has reviewed the guidelines with her attorney, but
understands no one can predict with certainty the outcome of the Court's consideration of

the guidelines in this case. Torres will not be allowed to withdraw her plea if her sentence is higher than expected. Torres fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.      **Mandatory special assessment**: Torres agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.      **Defendant's agreement**: Torres shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Torres shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Torres expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Torres fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately enforceable financial obligation. Torres understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7.    **Forfeiture of property:**   Torres agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment/Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause.   Torres consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.  Torres agrees to provide truthful information and evidence necessary for the government to forfeit such property.  Torres agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8.    **Government's agreement**:  The government will not bring any additional charges against Torres based upon the conduct underlying and related to the Defendant's plea of guilty.  The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.  The government will dismiss, after sentencing, any remaining charges in the pending Superseding Indictment.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Torres or any property.

9.      **Violation of agreement**:  Torres understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Torres for all offenses of which it has knowledge.  In such event, Torres waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Torres also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

10.      **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this Plea Agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.      **Waiver of right to appeal or otherwise challenge sentence**:  Torres waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence.  She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Torres, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.      **Immigration consequences**:  Torres recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses,

including the offense to which Torres is pleading guilty. Indeed, because Torres is pleading guilty to the drug offense as alleged in the Superseding Indictment, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Torres understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Torres nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea of guilty may entail, even if the consequence is her automatic removal from the United States.

13. **Representation of counsel**: Torres has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Torres has received from her lawyer explanations satisfactory to her concerning each paragraph of this Plea Agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Torres has concluded that it is in her best interest to enter into this Plea Agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

[SIGNATURE PAGE FOLLOWS]

**PLEA AGREEMENT** – Page 6

AGREED TO AND SIGNED this 4th day of May, 2016.

Respectfully submitted,

JOHN PARKER
UNITED STATES ATTORNEY

JOHN KULL
Assistant United States Attorney
Texas State Bar No. 00791057
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Email: John.Kull@usdoj.gov

RICK CALVERT
Deputy Criminal Chief


I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          _____5.4.16_____
Patricia Torres                                           Date
Defendant


I am the Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          _____5/6/16_____
Roger Haynes                                           Date
Attorney for Defendant


**PLEA AGREEMENT** – Page 7